Sandra L. Jacquot Shawnee County Counselor 200 S.E. 7th St., Suite 100 Topeka, Kansas 66603-3932
Dear Ms. Jacquot:
As Shawnee county counselor you ask our opinion whether long distance telephone records for third judicial district court judges may be obtained by a citizen as an open record under the Kansas open records act, K.S.A. 45-215 et seq. (KORA).
You state that Shawnee county maintains a data processing department which administers the computer systems and telephone service for all other county departments. While the courts have their own computer system, they rely on the county for telephone service. You state that the data processing department merely provides a technical service. The maker of a call actually generates the record of the call, which the county data processing department maintains, and then provides a monthly printout of calls to the court. The bills are paid from the court's budget.
K.S.A. 1995 Supp. 45-217(f)(1) defines "public record":
 "[A]ny recorded information, regardless of form or characteristics, which is made, maintained or kept by or is in the possession of any public agency including, but not limited to, an agreement in settlement of litigation involving the Kansas public employees retirement system and the investment of moneys of the fund."
K.S.A. 1995 Supp. 45-217(e)(1) defines "public agency":
 "[T]he state or any political or taxing subdivision of the state or any office, officer, agency or instrumentality thereof, or any other entity receiving or expending and supported in whole or in part by the public funds appropriated by the state or by public funds of any political or taxing subdivision of the state."
K.S.A. 1995 Supp. 45-217(e)((2)(B) excludes from the definition of "public agency" "any . . . judge of the district court." The Shawnee county data processing department, however, is a public agency. The essence of the question is whether the fact that the judges' telephone records are in the possession of Shawnee county data processing renders their telephone records as public records?
Prior to 1992, the Attorney General's office had informally taken the position that legislators' telephone records were public records. K.S.A.45-217 (f)(2) excludes from the definition of public record, records "kept by an individual who is a member of the legislature. . . ." This office reasoned that because the telephone records were maintained by the division of information systems and communications (DISC), they were in DISC's possession and were therefore public records.
In 1992 the legislature added statutory language to alter this conclusion. K.S.A. 1995 Supp. 75-4709(b) now provides:
 "Every record made, maintained or kept by the secretary of administration or the division of information systems and communications, or any agency or instrumentality thereof, which relates to the acquisition, retention or use of telecommunications services provided to any division, department or agency of the state, state officer or governmental unit and which pertains to individually identifiable individuals using such telecommunication services shall constitute for purposes of the open records act a record of the division, department or agency of the state, state officer or governmental unit to which such records relate and the official custodian of such records for the purposes of the open records act shall be the official custodian of the records of such division, department or agency of the state, state officer or governmental unit."
While this statute does not apply to counties, it does establish a general principle that electronic data does not lose its custodial status under the open records act merely because it is in the hands of a department that maintains the electronic equipment.
Attorney General Opinion No. 91-157 states in part that, "the nature of the record, and not its location, must be considered when determining if the record is subject to the KORA." To conclude otherwise could have the disturbing result of opening any record which the KORA would otherwise permit to be closed. For instance a public attorney could face having attorney client or work product material disclosed because the attorney typed and stored the material on a computer maintained by a central agency. We do not believe that it was the intention of the legislature in enacting the KORA to force agencies to maintain their own telephone and computer systems to avoid losing the discretionary closure provisions under KORA.
The Shawnee county data processing department is merely acting as a contractor or agent for the district court judges. The records were created by judges and remain records of the judges, exempt from the KORA.
In summary, we believe telephone records for third judicial district court judges do not become public records merely because the telephone system is maintained by another department.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Steve Phillips Assistant Attorney General
CJS:JLM:SP:jm